UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHERRY JACOBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:08-cv-0267-DFH-DML |
| ) | |
| SLM CORPORATION WELFARE ) | |
| BENEFIT PLAN, ) | |
| ) | |
| Defendant. ) | |

ENTRY ON PLAINTIFF'S PETITION FOR ATTORNEY FEES

Plaintiff Sherry Jacobson filed suit in this court under ERISA against defendant SLM Corporation Welfare Benefit Plan for its denial of her claim for long-term disability benefits. Both sides moved for summary judgment, and on September 1, 2009, this court granted Jacobson's motion, denied SLM's motion, and remanded the case to SLM's claims review fiduciary for further findings and explanation. Dkt. No. 37.

Jacobson has now petitioned for attorney fees and costs under ERISA's fee-shifting provision, which states that "in any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Jacobson argues that she is the prevailing party and is entitled under ERISA to the costs and attorney fees she incurred. The itemization she

provides in support of her petition shows that her attorney, Melissa A. Davidson, billed 65.25 hours on her case. Dkt. No. 39, Ex. A. At Davidson's stated billing rate of $350 per hour, Jacobson's attorney fees and costs totaled $23,187.50.[1] SLM objects to Jacobson's petition, arguing that under current Seventh Circuit precedent Jacobson is not a "prevailing party" – at least not yet – and in any case that Jacobson's requested fees are excessive. This court believes that Jacobson's petition has merit, and if the court were not bound by contrary Seventh Circuit precedent, the court would grant Jacobson's petition with reductions in Davidson's billing rate and her expended hours, as described below. However, this court is bound by controlling Seventh Circuit precedent, and accordingly must deny Jacobson's petition.

Although not explicitly stated in ERISA's fee-shifting provision, the Seventh Circuit imposes the requirement that to be awarded fees under 29 U.S.C. § 1132(g)(1), an ERISA claimant must be a "prevailing party." See, *e.g., Sullivan v. William A. Randolph, Inc.*, 504 F.3d 665, 670 (7th Cir. 2007) ("ERISA authorizes the award of a reasonable attorney's fee to the prevailing party."); *Stark v. PPM America, Inc.*, 354 F.3d 666, 673 (7th Cir. 2004) (noting "modest" and rebuttable presumption in ERISA cases in favor of awarding fees to the prevailing party under *Senese v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819, 826 (7th Cir. 2001)); *Trustmark Life Ins. Co. v. University of Chicago Hospitals*, 207 F.3d 876,

---

[1]This total also includes the $350 filing fee, the only cost Jacobson claims to have incurred in pursuit of her case. Dkt. No. 39, ¶ 6.

884 (7th Cir. 2000) ("Our decision to reverse the district court's judgment means that Trustmark is no longer a prevailing party, and, therefore, is no longer entitled to an award of attorney's fees.").

In ERISA cases, the Seventh Circuit has stated in several cases that where a plaintiff's case is remanded but the court does not order payment of benefits, that plaintiff has not "prevailed" under ERISA. See *Quinn v. Blue Cross and Blue Shield Ass'n*, 161 F.3d 472, 478-79 (7th Cir. 1998). In *Quinn*, the Seventh Circuit affirmed the district court's decision that the plan's secretary had acted arbitrarily and capriciously in denying Quinn's long-term disability benefits but overturned the district court's retroactive reinstatement of benefits, remanding the case instead. See *id.* at 476-77. On the question of Quinn's entitlement to fees and costs, the appellate court wrote that regardless of the test used, the appropriate question to be asked is, "'was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?'" *Quinn*, 161 F.3d at 478, quoting *Hooper v. Demco, Inc.*, 37 F.3d 287, 294 (7th Cir. 1994). The court found that the defendant's position was not totally lacking in justification or maintained in bad faith. On the issue presented here, the court also wrote that because Quinn's case was remanded, "while Quinn may be a 'prevailing party' in that she will have her case remanded, she is not a prevailing party in the truest sense of the term." *Quinn*, 161 F.3d at 478-79. The court further wrote, "Should Quinn ultimately succeed in her claim and be awarded benefits, she will then have the benefit, as the prevailing party, of the modest

-3-

presumption that she is entitled to reasonable attorney's fees." *Id.* at 479. Quinn was awarded costs, but not fees. *Id.*

In the wake of *Quinn*, an ERISA claimant whose case is remanded within the Seventh Circuit is not entitled to attorney's fees because such an award is considered premature unless and until benefits are reinstated. See, *e.g., Tate v. Long Term Disability Plan for Salaried Employees of Champion International Corp. #506*, 545 F.3d 555, 563-64 (7th Cir. 2008); see also *Ravesloot v. Administrative Committee of Baxter Intern., Inc.*, 2004 WL 1427101, at *7 (N.D. Ill. June 24, 2004) ("Consideration of the fee issue, however, assumes that the court can ascertain who is the prevailing party. [Claimant] has secured only a remand and the record does not suggest that [insurer] denied benefits in bad faith. Accordingly, consideration for the request for fees is premature. . . . "); *Carugati v. Long Term Disability Plan for Salaried Employees*, 2002 WL 441479, at *9-10 (N.D. Ill. March 21, 2002) (after *Quinn*, "Carugati is only 'a prevailing party in some sense of the term'" and court found that she was not entitled to attorney's fees "at this juncture"). The Seventh Circuit reiterated this holding earlier this year in *Leger v. Tribune Company Long Term Disability Benefit Plan*, 557 F.3d 823, 835 n.9 (7th Cir. 2009). Upon finding that remand of the plaintiff's claim was the correct course, the court noted that because it had not ordered reinstatement of the plaintiff's benefits, "her request for attorney's fees is premature."

In its September 1, 2009 Entry on the parties' motions for summary judgment, this court found that SLM had acted arbitrarily and capriciously in

denying Jacobson's claim for long-term disability benefits because, in sum, SLM's claims review fiduciary "did not give Ms. Jacobson an opportunity to submit the objective evidence it claimed was lacking, and it relied on this purported lack of objective evidence to deny her application without explaining why it was ignoring contrary evidence in the record." Dkt. No. 37 at 20. The court found that remand to SLM's claims review fiduciary for additional findings and explanation was the appropriate remedy. See *id.* at 20-21. Although Jacobson succeeded in litigation, under the *Quinn* line of cases, her success is only an intermediate step, and unless and until she is actually awarded the benefits she seeks, Jacobson's petition for attorney fees under ERISA's fee-shifting provision is premature.

Against the tide of this controlling authority, Jacobson argues that she is a "prevailing party" and is entitled to attorney fees. She asks this court to look not to *Quinn*, but to *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 990 F. Supp. 1039, 1041 (N.D. Ill. 1998), *vacated on other grounds*, 195 F.3d 975 (7th Cir. 1999), in which a claimant was awarded attorney fees although her case was remanded because the court found that a reassessment of her claim was a direct benefit to the claimant. Dkt. No. 40 at 4-5 (arguing that *Quinn* did not overrule the approach or rationale used in *Perlman*). Although *Perlman* has not been explicitly overruled on this point, Jacobson points to no court in this circuit that has awarded attorney fees for remand of an ERISA case post-*Quinn*.[2] Her

---

[2]In *St. Joseph's Hosp. of Marshfield, Inc. v. Carl Klemm, Inc.*, the Western District of Wisconsin did not award attorneys fees to an ERISA claimant whose (continued...)

-5-

arguments are not sufficient to overcome the standard of "prevailing party" currently set in place in this circuit.

Jacobson also looks to the District of Massachusetts, where Judge Young recently held that a claimant whose claim was remanded as a result of litigation was indeed a prevailing party as that phrase has been utilized by the Supreme Court, and the claimant was therefore entitled to attorneys fees. See *Colby v. Assurant Employee Benefits*, 635 F. Supp. 2d 88, 97 (D. Mass. 2009). The *Colby* court, weaving through "a large number of intra-circuit splits in authority" and operating in "the absence of a pronouncement from the First Circuit," decided that "at the most basic level, this Court's Opinion [to remand] unquestionably established that Dr. Colby was the 'winner' in her suit against [the defendant.]" *Id.* at 95. The court found that its opinion to remand Colby's case "'materially altered the legal relationship between the parties by modifying the defendant's behavior" and that Colby "'achieve[d] some of the benefit [she] sought in bringing suit.'" *Id.* at 96, quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992), and *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Accordingly, that court awarded fees to the claimant.

---

²(...continued)
claim was remanded, not because the court found the claimant's fee petition was premature but because the court found that there was "no indication that the defendant was simply out to harass plaintiff." 459 F. Supp. 2d 824, 834 (W.D. Wis. 2006). The trial court in that case did not explicitly address the *Quinn* issue.

Jacobson also argues that ERISA's fee-shifting provision should be interpreted the same way as the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), which applies when a Social Security disability claimant wins a remand. The EAJA directs a court to award fees to a prevailing party in a suit against the United States unless the government's position was substantially justified or special circumstances make the award unjust. See *id.*; *Stewart v. Astrue*, 561 F.3d 679, 682 (7th Cir. 2009). This provision governs Social Security disability cases. The Supreme Court holds that Social Security claimants whose cases are remanded to the administrative level under sentence four of 42 U.S.C. § 405(g) for further proceedings are entitled to seek fees as prevailing parties. See *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (discussing when 30-day clock for fee petition began to run after remand to Secretary by the district court); *Stewart*, 561 F.3d at 681 (awarding fees to Social Security claimant who won remand); *Boyd v. Barnhart*, 175 Fed. Appx. 47, 47 (7th Cir. 2006) (same); *Strickland v. Barnhart*, 141 Fed. Appx. 477, 478 (7th Cir. 2005) (same).

So, Social Security disability claimants who win remands are prevailing parties and may seek fees under the EAJA. Under current Seventh Circuit law, however, ERISA claimants (for disability benefits and others) who win remands are not prevailing parties and may not seek fees under ERISA's fee shifting provision. This is the case even though on remand, in Social Security cases as in ERISA cases, the original administrative decision to deny benefits might be upheld. The Seventh Circuit ERISA cases that have produced this anomaly have not addressed

-7-

the EAJA-Social Security parallel.  The court understands that the EAJA and the ERISA fee-shifting provisions are not exactly identical, but they are nearly identical in the relevant respects.  If the issue were open, this court would apply here the Supreme Court's and Seventh Circuit's reasoning in the Social Security cases to award a reasonable attorney fee.[3]

Because the court's hands are tied by clear Seventh Circuit language and precedent, Jacobson's petition for attorney fees must be denied with the hope that the appellate court might soon revisit the reasoning behind *Quinn*, *Tate*, and *Leger*, and impose consistency between private and public disability benefits on this point.  If this court were free to exercise its discretion, it would act consistently with the EAJA and the reasoning of the District of Massachusetts in *Colby*, and would grant Jacobson's petition, but with both a reduction in attorney Davidson's hourly rate and a discount in the hours she expended working on Jacobson's case.  Davidson billed 65.25 hours at $350 per hour, and Jacobson seeks a total of $23,187.50.  The court belives that Jacobson's fee petition is excessive.  The court would reduce Davidson's hourly rate to $200 and would cut her billed hours by 20 percent.

---

[3]Adding to the anomaly, under existing Seventh Circuit law, a party like Jacobson who wins a remand under ERISA is treated as a "prevailing party" for purposes of a cost award under Rule 54(d) of the Federal Rules of Civil Procedure (which contains an explicit "prevailing party" requirement), but not for purposes of the judicial gloss recognizing a prevailing party requirement under ERISA, 29 U.S.C. § 1132(g).  See *Quinn*, 161 F.3d at 479 ("as a prevailing party in some sense of the term, Quinn is entitled to taxable costs, but not attorney's fees.")

In support of her fee petition, Jacobson provides the affidavit of attorney Davidson, in which she stated that she was admitted to practice law in the spring of 2006 and that she has handled over 200 long term disability cases as an attorney. Dkt. 44, Ex. C (Davidson Affidavit). Davidson also stated that she attended three national forums related to resolving and litigating disability insurance claims, and that in September 2009 she spoke at a conference and the title of her presentation was "Disability – What to Know and Where to Go." These additional facts do not warrant a billing rate well in excess of what is reasonable for an attorney in this market with only three years of experience, even if that experience was specialized.

Jacobson attempts to compare Davidson's level of experience and expertise to that of Bridget O'Ryan, an Indianapolis attorney who has practiced law since 1990 and whose stated "areas of practice" include disability insurance, health insurance, life insurance, long term care benefits, and employee benefits, and who bills at a rate of $350 per hour. Dkt. No. 44, Ex. B (hourly rate and firm biography of Bridget O'Ryan)[4]. Jacobson attempts to distinguish her experience level from a second attorney who practices with O'Ryan, Amanda Yonally, who has practiced law since 2005 and whose law firm biography states that her "areas of practice" also include disability insurance, health insurance, life insurance, long

---

[4]In 2004, this court awarded fees to attorney O'Ryan based on an hourly rate of $240, to which the opposing party had not objected. See *Franklin v. H.O. Wolding, Inc. Group Health and Welfare Plan*, 2004 WL 3059789, at *11 (S.D. Ind. Dec. 8, 2004). The court expresses no view on the report that attorney O'Ryan now charges $350 per hour.

-9-

term care benefits, and employee benefits. Yonally bills at a rate of $225 per hour. Dkt. No. 44, Ex. B (hourly rate and firm biography of Amanda Yonally). Jacobson suggests that Davidson's level of expertise is similar to that of O'Ryan and not that of Yonally because Yonally's firm biography offers the additional detail that "[Yonally] concentrates her practice in products liability and personal injury at the trial and appellate level." Dkt. No. 44 at 7, Ex. B. The court is not persuaded. Each of these three attorneys practices extensively in the same area of law. Davidson has the fewest years of experience of the three, and yet claims to bill at the same rate as an attorney with six times her years of experience. Also, there is no evidence in the record to demonstrate that Davidson actually charges and collects $350 per hour for her services in non-contingent cases. Accordingly, if it were within the court's discretion to award fees at all, the court would find it appropriate to reduce Davidson's rate to $200 per hour.

Also, SLM's argument that Davidson billed in quarter-hour and half-hour increments, and thus her hours expended should be subject to a 20 percent reduction, is well taken. Particularly because of the lack of detail provided in Davidson's bill, many of her charges appear excessive. For example, Davidson stated that she spent a quarter of an hour (and, at her stated rate, charged $87.50) on April 21, 2008 for receiving a scheduling order from the court and calendering it. She spent the same amount of time on July 3, 2008, receiving notice from the court that a status conference had been cancelled (another $87.50), and spent .5 of an hour on July 11, 2009 receiving notice of the change

of the cause number of the case ($175.00). The court could go on, but these examples are sufficient.

If the court were able to exercise its discretion and award fees to Jacobson, she would be entitled to the actual legal costs of pursuing her lawsuit, but not fees for clerical or secretarial tasks that her lawyer may have performed but that did not require legal skill. See *Helfrich v. Carle Clinic Ass'n, P.C.*, 328 F.3d 915, 919 (7th Cir. 2003); see also *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999). Given Davidson's practice of billing in Jacobson's case only in quarter-hour and half-hour increments and the lack of detail in Davidson's billing statements (suggesting that she routinely billed for purely clerical matters, such as receiving notices from the court and calendering them), the court would find a 20 percent reduction in Davidson's expended hours to be appropriate in this case and would reduce Davidson's billed hours to 52.20. At $200 per hour, the court would award Jacobson $10,440.00 in fees and $350 in costs, for a total of $10,790.00.

*Conclusion*

For the foregoing reasons, Jacobson's petition for fees must be denied. Were the court able to exercise its discretion in the matter, however, it would award Jacobson the reduced amount in fees. The court will award costs of $350 to Jacobson.

-12-

So ordered.

Date:  November 10, 2009

_David F. Hamilton_

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Edna Sybil Bailey
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
edna.bailey@wilsonelser.com

Melissa A. Davidson
CHARLES D. HANKEY LAW OFFICE
charleshankey@hankeylawoffice.com

Daniel John McMahon
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
mcmahond@wemed.com, david.holmes@wilsonelser.com